**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Ritthaler, | No. CV-07-1233-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| IDS Property Casualty Insurance Company, a foreign corporation dba Ameriprise Auto & Home Insurance, | |
| Defendant. | |

Plaintiff has filed a motion to remand this case to state court. Dkt. #7. A response and reply have been filed. Dkt. ##9, 10. The Court will grant the motion.

**I.   Background.**

Plaintiff filed a complaint against Defendant in Arizona state court on May 7, 2007. The complaint alleges a bad faith tort claim and violations of Arizona's consumer fraud and unfair insurance practices statutes. Plaintiff seeks an award of compensatory and punitive damages. Dkt. #1, Ex. 1.

Defendant removed the action to this Court. Defendant asserts in its notice of removal that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and, upon information and belief, the matter in controversy exceeds $75,000. Dkt. #1.

## II.   Removal and Remand Standards.

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   Analysis.

The complaint in this case does not demand a dollar amount. Defendant therefore "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Id*.; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original); *McNutt v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

Plaintiff made a $68,000 offer of judgment to Defendant when she filed her complaint. Dkt. #7, Ex. 1. Defendant rejected the offer. Plaintiff argues that this shows that Defendant believes the amount in controversy is less than $68,000. Dkt. #10 at 5.

Defendant asserts that this case is very likely to exceed $75,000 in damages if Plaintiff can prove her allegations of bad faith and punitive damages. Dkt. #9 at 4. This conclusory statement "neither overcomes the 'strong presumption' against removal jurisdiction, nor

1  satisfies [Defendant's] burden of setting forth . . . the *underlying facts* supporting its assertion
2  that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis in
3  original); *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)
4  (stating that "removal 'cannot be based simply upon conclusory allegations' where the
5  [complaint] is silent" as to the amount of damages) (citation omitted); *Valdez v. Allstate Ins.*
6  *Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (stating that removal cannot be based upon mere
7  "information and belief" that the amount in controversy exceeds $75,000); *see also Haisch*
8  *v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be inherently
9  speculative for this Court to conclude that the amount in controversy requirement can be met
10 by simply asserting that large punitive damages have been awarded in the past against
11 insurance companies . . . . Defendant has failed to articulate why the particular facts that are
12 alleged in the instant action might warrant extraordinary punitive damages."). The Court will
13 grant Plaintiff's motion and remand this matter to state court. *See* 28 U.S.C. § 1447(c);
14 *Valdez*, 372 F.3d at 1118 ("If the district court determines that it is sufficiently doubtful that
15 the amount-in-controversy requirement has been met and thus that federal subject matter
16 jurisdiction is lacking, the district court should . . . remand to state court."); *Sanchez*, 102
17 F.3d at 406 (directing the district court to remand to state court where the defendant had
18 failed to establish the jurisdictional amount by a preponderance of the evidence).

19 Defendant requests, in the event of a remand, an order from the Court precluding
20 Plaintiff from seeking $75,000 or more in damages. Defendant has cited no legal authority
21 in support of the proposed order. The Court will deny Defendant's request. *See Conrad*
22 *Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (citing
23 cases that have "expressly declined to find that a refusal to stipulate to damages below the
24 jurisdictional amount is even persuasive in evaluating the worth of the claims in a
25 complaint"); *Varela v. Wal-Mart Stores*, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000)
26 ("Because Plaintiff is the master of her lawsuit, the Court declines to draw any negative
27 inference from her refusal to stipulate to a cap on damages in the absence of proof that her
28 claims exceed the required amount in controversy.").

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Dkt. #7) is **granted**.
2. The Clerk shall **remand** this case to state court.

DATED this 20th day of July, 2007.

_____
David G. Campbell
United States District Judge