1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9    Jennifer Ritthaler,                  )    No. CV-07-1233-PHX-DGC
                                          )
10            Plaintiff,                   )    **ORDER**
                                          )
11   vs.                                   )
                                          )
12                                         )
     IDS Property Casualty Insurance       )
13   Company, a foreign corporation dba    )
     Ameriprise Auto & Home Insurance,     )
14                                         )
              Defendant.                    )
15   _____  )

16

17          Plaintiff seeks attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Dkt. #13.

18   A response and reply have been filed.  Dkt. ##14, 15.  The Court will grant Plaintiff's

19   motion.

20   **I.     Background.**

21          Plaintiff filed a complaint against Defendant in Arizona state court.  The complaint

22   alleges insurance bad faith and violations of Arizona's consumer fraud and unfair insurance

23   practices statutes.  Plaintiff seeks compensatory and punitive damages.  Dkt. #1, Ex. 1.

24          Defendant removed the action to this Court based on diversity jurisdiction.  Dkt. #1.

25   The Court remanded the case to state court when Defendant failed to present evidence that

26   the amount in controversy exceeded $75,000.  Dkt. #11.

27   / / /

28   / / /

1

**II.      Analysis.**

2          Section 1447(c) provides that a district court may require payment of costs and

3  attorneys' fees incurred as a result of an improper removal.  28 U.S.C. § 1447(c).  Costs and

4  fees generally "'should not be awarded when the removing party has an objectively

5  reasonable basis for removal.'"  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)

6  (quoting *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 708 (2005)).

7          Plaintiff argues that there was no objectively reasonable basis for Defendant's

8  removal.  Dkt. #13.  The Court agrees.

9          Plaintiff's complaint does not demand a dollar amount.  Removal was proper,

10  therefore, only if Defendant was able to establish by a preponderance of the evidence that the

11  amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

12  398, 404 (9th Cir. 1996).  Defendant "offered no facts whatsoever to support the [C]ourt's

13  exercise of jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  Rather,

14  Defendant removed based on "information and belief" and conclusory assertions about the

15  amount in controversy.  Dkt. ##1, 9.  Defendant did so despite the fact that Plaintiff made a

16  $68,000 offer of judgment when she filed her complaint.  Dkt. #7, Ex. 1.

17          This Circuit has made clear that removal cannot be based on conclusory allegations

18  or mere information and belief that the amount in controversy exceeds $75,000.  *Singer v.*

19  *State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997); *Valdez v. Allstate Ins.*

20  *Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004); *see Haisch v. Allstate Ins. Co.*, 942 F. Supp.

21  1245, 1249 (D. Ariz. 1996).  The Court will grant Plaintiff's motion because Defendant "had

22  no objectively reasonable basis for removal."  *Patel*, 446 F.3d at 999; *see Moore v.*

23  *Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (1992) (holding that district courts retain

24  jurisdiction after remand to award fees and costs under § 1447(c)).  Defendant does not

25  contest the amount of the requested award.  The Court accordingly will award Plaintiff

26  $3,061.66 for the fees and costs incurred as a result of removal.

27          **IT IS ORDERED:**

28          1.      Plaintiff's motion for attorneys' fees and costs (Dkt. #13) is **granted**.

- 2 -

2.      The Clerk shall enter **judgment** in favor of Plaintiff and against Defendant in the amount of **$3,061.66**.

DATED this 8th day of August, 2007.

*David G. Campbell*

_____

David G. Campbell
United States District Judge